C. S. DICKSON et al., Appellees, v. E. G. DICKSON et al., Defendants; E. G. DICKSON, Appellant.

No. 43118.

OCTOBER 15, 1935.

REHEARING DENIED JANUARY 24, 1936.

Jo R. Jaques, and W. R. Fimmen, for appellant.

V. J. Schlegel, for appellees.

MITCHELL, J.—E. G. Dickson and W. C. Dickson were brothers, bachelors, and partners in the cattle and farming business in Davis county, Iowa, for many years prior to the death of W. C. Dickson. They owned certain tracts of land together, and it became necessary to commence an action in equity for the purpose of partitioning this real estate. A decree was entered, fixing the rights of the parties, and ordering the sale of the interest of W. C. Dickson in said land, and no complaint is at this time made of the decree. Referees were appointed to sell said land, and they duly qualified, as required by law. The land, consisting of the various parcels, was appraised separately, and was sold in different tracts to different purchasers. All of the various parcels of land were sold under contract, and each bid was submitted to the court in an application duly filed, attached to which was a copy of the contract of sale. The court

approved each and every one of the sales and ordered and directed the referees to execute referees' deeds to the respective purchasers. After the deeds had been executed and delivered to the purchasers, and the purchasers' money had been paid and possession of said premises had been delivered, E. G. Dickson, the appellant herein, filed an application to set aside said sales, alleging that the appraisers failed to file their report as required by law; that one of the referees had misrepresented the appraised price of the various tracts of land to the appellant; that the methods pursued by the referees and attorneys were a species of fraud; that E. G. Dickson was ready, willing, and able to bid upon said tracts of land and would have bid had he known of the appraised price of said various tracts. There was a hearing before the lower court, and, after listening to the evidence and argument of counsel, the lower court overruled the motion to set aside the sale. E. G. Dickson, being dissatisfied with the ruling, has appealed to this court.

It must be kept in mind that in this case there is no defense claimed as to the original partition action; that it proceeded in a proper manner is conceded by all parties. The decree was entered. Referees were appointed. Appraisers were appointed, and the appraisers made a report appraising separately each tract of land. The contention of the appellant in this case is that the report of the appraisers must be on file before the sale is made. There is some dispute in this record as to whether or not the report of the appraisers was on file. But the appraisers had made their report prior to the sale of any of the tracts of land involved.

Code, section 12343, is as follows:

"Private sale—appraisement. Whenever in the discretion of the court such lands can be disposed of to better advantage and with less expense at private sale than in the manner above provided, they may be sold on such terms as are ordered by the court, but in such case they shall be appraised by three disinterested freeholders to be appointed by the court, and sold for not less than the appraised value."

It will be noted that there is nothing in the above-cited statute which requires that the report of the appraisers be filed. All that the statute provides is that the real estate "shall be appraised by three disinterested freeholders to be appointed by

the court, and sold for not less than the appraised value.'' The appraisement of real estate is made for the purpose of guiding the referees and the court. It fixes the minimum price for which the property may be sold. It is the duty of the referees to sell for as much more than the appraisement as is possible. It is the yardstick or measure of value. It is for the protection of the interests of those whose property is involved in partition. That especially is true if the land is to be sold at private sale. It is the duty of the officers of the court, appointed for the purpose of selling the property, to obtain the highest price possible for such property and, under no circumstances, to sell the same for less than the appraised value. The appraisement must be made before the sale can be approved. In the case at bar the appraisement was made. The appraisement is for the purpose of fixing the minimum value of the property, and is not for the purpose of furnishing information to prospective purchasers as to the lowest amount that the referees can accept for the property.

In the case at bar, the appraisement was made as required by law, but the appellant says that the referees misrepresented to him the amount at which the various pieces of land were appraised. There is a conflict in the evidence upon this proposition. Careful consideration of the record convinces us that the lower court was right in overruling the motion to set aside the sale, and judgment and decree of the lower court must be, and it is hereby, affirmed.

KINTZINGER, C. J., and ANDERSON, HAMILTON, DONEGAN, and PARSONS, JJ., concur.